# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| RICK E. CAPONE, | CASE NO.1:18CV2824 |
| Plaintiff, | JUDGE CHRISTOPHER A. BOYKO |
| vs. | |
| ATLANTIC SPECIALTY INSURANCE COMPANY, LLC., | OPINION AND ORDER |
| Defendant. | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court upon the Defendant's Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim (ECF DKT #6). For the following reasons, the Court **GRANTS** Defendant's Motion to Dismiss Plaintiff's Complaint.

## I. Factual Background

**A. Relevant Timeline**

Plaintiff Rick E. Capone ("Capone") insured his 2000 Sunseeker 60' yacht (the "Vessel") with Defendant Atlantic Speciality Insurance Company ("ASIC"). (ECF DKT #1, Plaintiff's Complaint). At the times relevant to Plaintiff's Complaint, the Vessel was insured under Yacht Policy B5JNN08746 (the "Policy"). (ECF DKT #1, Exhibit "A").

1

On July 20, 2013, Plaintiff's Vessel suffered a power loss and shutdown. (ECF DKT #1, Pl.'s Compl.). Plaintiff reported this loss to ASIC on July 31, 2013, alleging that ASIC's Policy covered his loss as a "latent defect." *Id.* The relevant section of the Policy states coverage exists for: "(1) accidental, direct physical loss of or damage to the Claimant property or; (2) physical loss or damage to the yacht caused by a 'latent defect.'" (ECF DKT #1, Exhibit "A"). Defendant initially denied coverage on February 24, 2014, but continued to investigate Plaintiff's claim and receive more documentation from Plaintiff. (ECF DKT #1, Pl.'s Compl.). On August 21, 2014, Defendant altered the basis for denial but ultimately denied Plaintiff's claim. *Id.*

On March 7, 2015, Plaintiff requested arbitration. (ECF DKT #8). After a period of time where Defendant continued to contact and respond to Plaintiff, even after extended periods of silence, Plaintiff requested arbitration again on December 1, 2016. (ECF DKT #6). On February 2, 2017, the parties began to participate in "binding" arbitration pursuant to the **ARBITRATION** ("ARBITRATION") Provision in the Policy. *Id.* On October 27, 2017, due to the parties' inability to agree on an arbitrator, the Cuyahoga County Court of Common Pleas appointed attorney Joseph B. Jerome, Esq., as arbitrator ("Arbitrator"). *Id.* Due to this appointment, the parties signed a contract titled "Private ADR Memorandum and Understanding," which reaffirmed that the arbitration's outcome would be "binding and conclusive." (ECF DKT #6, Exhibit "2"). On September 26, 2018, the Arbitrator denied Plaintiff's Claim. (ECF DKT #6, Exhibit "3"). On December 7, 2018, Plaintiff filed a Complaint with claims for Breach of Contract and a Request for Declaratory Judgment. (ECF DKT #1, Pl.'s Compl.). On January 18, 2019, Defendant filed this Motion to Dismiss for failure

to state a claim. (ECF DKT #6).

**B. Provisions of the Insurance Policy**

Pursuant to the Policy provided by Defendant, Plaintiff argues Defendant's actions resulted in a breach of contract on two policy provisions: "(1) accidental, direct physical loss of or damage to the Claimant property or (2) physical loss or damage to the yacht caused by a 'latent defect.'" (ECF DKT #1, Exhibit "A"). Plaintiff claims Defendant breached the contract when Defendant failed to cover an alleged "latent defect." Defendant argues the Court should dismiss Plaintiff's Complaint and uphold The Arbitrator's findings because arbitration already resolved these issues.

## II. Law and Analysis

Rule 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "Under Rule 12(b)(6), a complaint may be dismissed 'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

A claim must, "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Further, "the plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 556 U.S. 678 (quoting *Bell Atl. Corp v. Twombly*, 550 U.S. 554, 556) (2017)). "To survive a motion to dismiss, [plaintiff] must allege 'enough facts to state a claim to relief that is plausible on its face.'" *Traverse Bay Area*

*Intermediate Sch. Dist. v. Michigan Dep't of Educ.*, 615 F.3d 622, 627 (6th Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2017)).

In deciding a motion to dismiss under 12(b)(6), a court must accept as true all the factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Thus, courts must "construe the complaint in the light most favorable to the plaintiff." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002). However, plaintiff must provide "more than labels and conclusions . . . a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 557.

When a court is presented with a Rule 12(b)(6) motion, it may consider the complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims contained therein. *See Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001).

This matter is before the Court because Plaintiff argues the Insurance Policy allows Plaintiff to bring legal action against Defendant, even after arbitration. Defendant claims this argument must fail because a final and binding arbitration occurred and there are only limited challenges one can bring against an arbitrator's decision. Regardless of whether Defendant bases his argument on the ARBITRATION Provision of the Insurance Policy or on the "Private ADR Memorandum and Understanding" contract the Arbitrator produced, both were final and binding and therefore, preclude Plaintiff's claims.

**A. Standard of Review for Arbitration**

In discussing the arbitration standard of review, the Sixth Circuit has consistently held that "our review of an arbitration award is 'one of the narrowest standards of judicial review in all of American jurisprudence.'" *Vitakraft Sun Seed Co. v. UCFW Local 75*, 2016 U.S. Dist LEXIS 22546 at *2 (N.D. Ohio Feb. 24, 2016) (quoting *Totes Isotoner Corp. v. Int'l Chem. Workers Union Council/UFCW Local 664C*, 532 F.3d 405, 411 (6th Cir. 2008)). In *Mich. Family Res., Inc. v. SEIU Local 517M*, the Sixth Circuit Court of Appeals held that the occurrence of a "procedural aberration" is the only reason to reverse an arbitration award. 475 F.3d 746, 753 (6th Cir. 2007). The three questions of procedural aberration the Court asked were:

> "[1] Did the arbitrator act 'outside his authority' by resolving a dispute not committed to arbitration?; [2] Did the arbitrator commit fraud, have a conflict of interest or otherwise act dishonestly in issuing the award?; and [3] in resolving any legal or factual disputes in the case, was the arbitrator 'arguably construing the contract?'"

*Id.* So long as the arbitrator does not offend these requirements, "the request for judicial intervention should be resisted even though the arbitrator made serious, improvident or silly errors in resolving the matters of the dispute." *Id.*

Further, two relevant provisions of the Insurance Policy exist regarding the arbitration the parties entered into: the ARBITRATION Provision and the **LEGAL ACTION AGAINST US** ("LEGAL ACTION AGAINST US") Provision. The relevant parts of the ARBITRATION Provision state:

> "If *you* make a claim under this policy and *we* disagree about whether the claim is payable or about the amount due to *you* under the policy, the disagreement must be resolved by binding arbitration before an arbitrator mutually acceptable to *you* and *us*. If *you* and *we* are unable to agree on a single arbitrator, then *we*

5

> will petition an appropriate court in the jurisdiction where this policy was issued to appoint an arbitrator. *We* will pay the arbitrator's fees. The arbitrator does not need to be a member of any particular association of arbitrators, and may be a commercial person with relevant experience in the marine industry. The arbitrator shall have the same powers as arbitrators under the Federal Arbitration Act. (9 U.S.C. Section 1, et seq.). The demand for arbitration must be made within one (1) year of the date of the damage of loss."

(ECF DKT #1, Exhibit "A"). Further, the LEGAL ACTION AGAINST US Provision states:

> "*You* may not bring a suit against *us* unless *you* have complied with all terms of this policy, including arbitration. In addition:
> 1) With respect to any claim for loss or damage to insured property, any suit against *us* must be commenced within one hundred and twenty (120) days after the decision of the arbitrator becomes final or one (1) year of the date of loss or damage, whichever is later."

*Id.*

Plaintiff alleges the Arbitrator's award is reviewable based on ambiguity in Defendant's Policy. Plaintiff claims this Court should review the ARBITRATION Provision of the Policy together with the LEGAL ACTION AGAINST US Provision. However, according to the Sixth Circuit's highly restrictive standard of review, there is no such basis to reverse the Arbitrator's decision. "It will only be in the 'most egregious' cases where we find that the arbitrator was not arguably construing or applying the contract; his interpretation must be 'so untethered to' the terms of the agreement that it casts doubt on whether he in fact was engaged in interpretation." *Vitakraft*, 2016 U.S. Dist. LEXIS 22546 at *7 (quoting *Major League Baseball Ass'n v. Garvey*, 532 U.S. 504, 512 (2001)). This egregious misconduct or misappropriation is not present here. Parties had "bargained for the arbitrator's construction of their agreement" and therefore "an arbitral decision 'even arguably construing or applying the contract' must stand, regardless of

6

the court's view of its (de)merits." *Oxford Health Plans LLC v. Sutter*, 569 U.S. 564, 569 (2013) (quoting *Eastern Associated Coal Corp. v. Mine Workers*, 531 U.S. 57, 62 (2000)). "[T]he sole question is whether the arbitrator (even arguably) interpreted the parties' contract, not whether he got its meaning right or wrong." *Oxford*, 569 U.S at 564. Here, the Arbitrator interpreted the contract, precluding the Court from determining whether it agrees with his decision. The only grounds the Court has to consider are whether there was a procedural aberration.

The Arbitrator properly considered the text of the applicable coverage areas when deciding whether or not Plaintiff's Vessel was covered. The Policy provides coverage for: "(1) accidental, direct physical loss of or damage to the Claimant property or (2) physical loss or damage to the yacht caused by a 'latent defect.'" (ECF DKT #1, Exhibit "A"). The Arbitrator then considered the definition of "latent defect" and each party's respective arbitration briefs, rebuttals and documentation. (ECF DKT # 6, Exhibit "3"). He then concluded Plantiff's loss was not covered. There is no evidence the Arbitrator's decision met any of the three possible aberrations discussed by the Sixth Circuit in *Michigan Family Res., Inc. v. Service Employees Int'l Union Local 517M*. 475 F.3d at 753. Because the Arbitrator neither acted outside his authority nor committed fraud and because he arguably construed the provisions, there are no grounds for the Court's review of the arbitrator's decision. Further, Plaintiff neither sets forth pleadings nor allegations that the Arbitrator acted in any way to produce a "procedural aberration." Therefore, the Court will not overturn the Arbitrator's award.

The "Private ADR Memorandum and Understanding" produced by the Arbitrator in 2017 stated the arbitration was "binding and conclusive in all respects, subject to vacation of such award only in the event of a court of competent jurisdiction finding that such award is to be

7

vacated pursuant to Section 2711.01 of the Ohio Revised Code." (ECF DKT #6, Exhibit "2").

The Court has already determined it cannot reverse the Arbitrator's award. Whether the Court considers the Insurance Policy Provisions or the "Private ADR Memorandum and Understanding," both are binding and hold Plaintiff to the Arbitrator's result, regardless.

Even assuming ambiguity existed in the Policy, this would result in the arbitration being remanded back to the Arbitrator. *See M & C Corp. v. Erwin Behr GmbH & Co., KG,* 326 F.3d 772 (6th Cir. 2003). If there were ambiguity, the Court would lack the jurisdiction needed to reach a conclusion. However, there is no such issue of ambiguity and therefore, the Court need not reverse the arbitration award.

### B. Plaintiff's Subsequent Arguments

Plaintiff continues by arguing the Arbitrator's decision was not final and thus, is reviewable. Second, Plaintiff claims the ARBITRATION Provision should not bar consideration of the contract as a whole by the Court. However, Plaintiff's Complaint is, in essence, a Motion to Vacate. Since Plaintiff's Complaint functions this way, the Court only reviews an arbitrator's decision when there is a procedural aberration. Further, the doctrine of res judicata and the severability of arbitration provisions compel the Court to reject both of Plaintiff's arguments.

#### 1. The Arbitrator's Arbitration is Final and Binding under Res Judicata

Under Ohio law, to demonstrate that res judicata bars an action a defendant must show: "(1) a final judgment or decree rendered on the merits by a court of competent jurisdiction; (2) concerning the same claim or cause of action as that now asserted; (3) between the same parties as are in the current action or their 'privies.'" *Weitz Company v. Acuity*, Case No. 1:12-cv-855, 2016 WL 6432835 *1, *6 (S.D. Ohio, Oct. 31, 2016) (quoting Anderson *v. Eyman*, 907 N.E.2d

730, 736 (Ohio App. 2009)). Under both the Federal Arbitration Act ("FAA") and the relevant portions adopted into Ohio law through the Ohio Revised Code, arbitration decisions are considered a final judgment or decree. *See DiPietrantonio v. City of Norwood*, 2009 WL 1361741 *1 (Ohio App. May 15, 2009). Both the FAA, 9 U.S.C. § 1 et seq., and Ohio Revised Code § 2711.01 state an arbitration provision in a written contract, "shall be valid, irrevocable, and enforceable, except upon grounds that exist at law or in equity for the revocation of any contract." Consequently, the result of arbitration is binding and therefore, a final judgment.

The claim at the center of Plaintiff's Complaint concerns the same question already answered by the Arbitrator: whether Defendant's Insurance Policy covers the losses suffered by Plaintiff's Vessel. This question has clearly been answered already, as the Arbitrator found there was no latent defect and no coverage under the Insurance Policy. Further, in *First Options of Chicago, Inc. v. Kaplan*, the Supreme Court held that, "a party who has not agreed to arbitrate will normally have a right to a court's decision about the merits of the dispute . . . . But, where the party has agreed to arbitrate, . . . [they] ha[ve] relinquished much of that right's practical value." 514 U.S. 938, 942 (1995). After agreeing to arbitration, Plaintiff may not rescind his agreement to arbitrate merely because he dislikes the result and desires the Court change it. Plaintiff's claim and any related legal issues have already been litigated.

Ohio courts "have applied a broad definition to determine whether the relationship between the parties is close enough to invoke the doctrine [of res judicata]." *Kirkhart v. Keiper*, 805 N.E.2d 1089, 1092 (Ohio 2004). In Ohio, privity arises between an insured and the insurer by terms of the contract. *Nationwide Ins. Co. V. Steigerwalt*, 255 N.E.2d 570, 572 (Ohio 1970). Due to their insurance relationship, Plaintiff and Defendant are in privity such that the final

element of res judicata is satisfied.

Under Ohio law's elements of res judicata the Arbitrator's decision was final and binding, the issue is the same one that was previously decided by the Arbitrator and Plaintiff and Defendant are in privity. Thus, res judicata bars Plaintiff's claim from being reheard.

### 2. The Arbitration Clause is Severable from the Remainder of the Contract

Pursuant to the Supreme Court's ruling, a Court may look only to an arbitration provision, which is severable from the other sections of a contract. *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 445-46 (2006). The Sixth Circuit elaborated on this in *Glazer v. Lehman Bros.*, stating arbitration provisions are "severable insofar as they are considered in determining whether a contractual dispute should be submitted to arbitration" independently from the remainder of the contract. 394 F.3d 444, 453 (6th Cir. 2005). *See also Fazio v. Lehman Bros., Inc.*, 340 F.3d 386 (6th Cir. 2003) (holding that the district court had to consider the particular claims of the parties regarding the validity of the arbitration clause standing apart from any other agreement or contract between the parties). Similarly, the Arbitrator properly interpreted the ARBITRATION Provision separately from the other provisions of the Policy, and in doing so, correctly based his arbitration proceedings solely on the ARBITRATION Provision.

Further, while legal rules of contractual interpretation state that one must find ambiguity before looking beyond the four corners of a legal document for an ambiguous term's meaning, "arbitrators commonly are not attorneys and the agreements they interpret and enforce are often the product of laymen." *Titan Tire Corp. of Bryan v. United Steelworkers of America, Local 890L*, 656 F.3d 368, 372 (6th Cir. 2011). While Plaintiff argues there is ambiguity between various provisions in the Policy, the Arbitrator rightfully looked only to the severable

ARBITRATION Provision in making his decision. *Id.* Pursuant to both Supreme Court and Sixth Circuit precedent, the Arbitrator properly viewed the ARBITRATION Provision separately from the remainder of the Policy provisions. This, in turn, limits the Court's review of the Arbitrator's findings. While Plaintiff argues the Court must decide if the arbitration is enforceable or if there were ambiguity, the Court has already found the contract enforceable and declines to review the arbitration under the strictly deferential standard of review.

### C. Plaintiff's Claim is Time-Barred

Even assuming the Court found ambiguity in the ARBITRATION Provision when read in addition to the LEGAL ACTION AGAINST US Provision, Plaintiff is time-barred by the LEGAL ACTION AGAINST US Provision. Plaintiff argues that the Court should vacate the Arbitrator's decision. Even if the Court were to construe the full contract as containing ambiguity in Plaintiff's favor, there is no ambiguity in the LEGAL ACTION AGAINST US Provision. Plaintiff cannot both argue that the arbitration cannot be upheld but should still count for timing purposes. Plaintiff desires to take advantage of the 120-day period following arbitration; he, however, cannot do this while also attempting to vacate the arbitration result by declaring these provisions ambiguous.

While Defendant waived the one-year time limit to bring arbitration, it did not waive the relevant time limit contained in the LEGAL ACTION AGAINST US Provision. The LEGAL ACTION AGAINST US Provision clearly states there is one-year after the date of loss or damage to bring a legal suit if one does not pursue arbitration. Therefore, the time for Plaintiff to bring this present Complaint ended in July of 2014, four years before Plaintiff filed this Complaint. Even if Plaintiff were not time-barred under the Policy, he reaffirmed the final and

11

binding nature of the Arbitrator's decision in his subsequent agreement to arbitrate. He does not allege ambiguity in the subsequent arbitration agreement.

### III. Conclusion

The Sixth Circuit has a strong preference for respecting the finality of arbitration opinions. The Court's review of the Arbitrator's decision is limited to solely determining whether the Arbitrator "arguably construed" the agreement set forth in Defendant's Policy and whether procedural aberration occurred. After reviewing related documents, the Court finds the Arbitrator made a good faith attempt when interpreting and applying the ARBITRATION Provision. Further, the doctrine of res judicata and the severability of arbitration provisions preclude the Court from reconsidering the Arbitrator's decision.

Further, Plaintiff argues the Court should apply the LEGAL ACTION AGAINST US Provision and not the ARBITRATION Provision. However, if Plaintiff argues the Court should look outside the ARBITRATION Provision, the time-limit for bringing a law suit has passed. Therefore, the Court **GRANTS** Defendant's Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim (ECF DKT #6) because the arbitration decision and award must be upheld.

IT IS SO ORDERED.

                                              **s/ Christopher A. Boyko**
                                              CHRISTOPHER A. BOYKO
                                              United States District Judge

Dated: July 19, 2019